UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR FORGERY INVESTIGATION | ) ) ) ) ) ) )   ML No: 20-897 |

*Reference:*   *DOJ Ref. # CRM-182-70759*

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Margarita I. Pendarvis, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Sint Maarten. In support of this application, the United States asserts:

RELEVANT FACTS

1. The Central Authority of Sint Maarten, Attorney General's Office for Sint Maarten, submitted a request for assistance (the Request) to the United States, pursuant to the to the Treaty on Mutual Legal Assistance Between the United States of America and the Kingdom of the Netherlands, U.S.-Neth., June 12, 1981, S. TREATY DOC. 97-16 (the Treaty).

2. As stated in the Request, the Public Prosecutor's Office in Sint Maarten is prosecuting Edward O'Neal Arrindell (Arrindell) and others for bribery, forgery, money

laundering, and tax fraud, which occurred between in and about 2006 and 2017, in violation of the criminal law of Sint Maarten, specifically, Articles 2:404, 2:184, and 2:312 of the Sint Maarten Criminal Code, and Article 49 of the Tax Code of Sint Maarten.  Under the Treaty, the United States is obligated to assist in response to the Request.

3. According to authorities in Sint Maarten, Arrindell participated in a criminal scheme to bribe a Member of the Sint Maarten Parliament, in return for his involvement in bid rigging and awarding port contracts to companies associated with Arrindell.  In addition, the former CEO of the Sint Maarten Port Company and Arrindell issued fake invoices to the port, which were subsequently paid out by the port to the respective companies by checks.  The invoicing companies were registered in the name of Arrindell's family, friends, and acquaintances.  Although these persons were aware of the misuse of their companies by Arrindell, they had little involvement in the production of the fake invoices but cashed the checks on Arrindell's behalf and provided him with the cash amounts. Furthermore, Arrindell owes approximately USD 4,500,000 in unpaid taxes to the government in Sint Maarten.

4. The proceeds of the crimes are estimated at about USD 11,000,000.  Arrindell used the cash to purchase luxury goods, including a yacht, which was seized during the financial criminal investigation.  Specifically, on October 29, 2018, a Judge in Sint Maarten decided that, even though the yacht was registered in someone else's name, Arrindell was the actual owner.  According to the Judge, the parties involved engaged in a sham arrangement to conceal the true entitlement to the yacht, but at the time the yacht was seized, it was in Sint Maarten and in the possession of Arrindell who acted as the owner of the boat and had the names of his children permanently painted on the yacht.  In December 2018, the Judge ordered the seizure and the sale

of the yacht.  This yacht is registered in the United States and in 2012, it was used to secure a loan with First Federal Bank in the United States.

5. On April 11, 2019, Arrindell was sentenced by the Sint Maarten Court of First Instance to three months' imprisonment for the withdrawal of the yacht from seizure by sailing it without authorization from Sint Maarten to Anguilla.

6. To further the prosecution, authorities in Sint Maarten have asked U.S. authorities to provide bank records from First Federal Bank pertaining to the loan on the yacht.

## LEGAL BACKGROUND

7. A treaty[1] constitutes the law of the land.  U.S. Const. art. VI, cl. 2.  The provisions of a treaty have equal footing with acts of Congress and are binding on the courts.  See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001).  The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it."  United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted).  To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute.  Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

8. The United States and the Kingdom of the Netherlands entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters.  See Treaty, pmbl.[2]  The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

searches and seizures. Treaty Annex, Article 1(2). In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Treaty Annex, Article 5(1). ("A person from whom evidence is sought shall, if necessary, be compelled by subpoena to appear and testify or produce documents, records and articles to the same extent as in investigations or proceedings in the Requested State.").

9. When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court orders under 18 U.S.C. § 3512. This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> *         *         *
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> *         *         *
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

10. Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme." 155 Cong. Rec. 6,810 (2009) (statement of Sen.

4

Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[3] This section provides clear authority for the federal courts, upon application duly authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

11.  An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[4] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[5]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[6] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18

---

[3] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[4] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[5] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[6] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

12.     Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).  A sample "Commissioner's Subpoena" is included as Attachment A.

REQUEST FOR ORDER

13.     The Office of International Affairs has reviewed and authorized the Request, and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Attorney General's Office for Sint Maarten, and seeks assistance in the prosecution of bribery, forgery, tax fraud, money laundering--criminal offenses in Sint Maarten.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of bank records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

14.     This application is being made *ex parte*, consistent with U.S. practice in its

domestic criminal matters.

15. When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions. Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice to any person other than the recipient (i.e., no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. This is true even if the Requesting State, as here, seeks financial records, because the Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq., including its notice provisions, does not apply to the execution of foreign requests for legal assistance. Young v. U.S. Dept. of Justice, 882 F.2d 633, 639 (2d Cir. 1989), cert. denied, 493 U.S. 1072 (1990); In re Letters of Request from the Supreme Court of Hong Kong, 821 F. Supp. 204, 211 (S.D.N.Y. 1993); In re Letter of Request for Judicial Assistance from the Tribunal Civil de Port-Au-Prince, Republic of Haiti, 669 F. Supp. 403, 407 (S.D. Fla. 1987). Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

16. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Margarita I. Pendarvis, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for

assistance and any subsequent, supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

        Respectfully submitted,

        VAUGHN A. ARY
        DIRECTOR
        OFFICE OF INTERNATIONAL AFFAIRS
        OK Bar Number 12199

By: _____
        Margarita I. Pendarvis
        Trial Attorney
        D.C. Bar Number 888283921
        Office of International Affairs
        Criminal Division, Department of Justice
        1301 New York Avenue, N.W.
        Washington, D.C. 20530
        (202) 307-0646
        Margarita.Pendarvis@usdoj.gov

**ATTACHMENT A**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE APPLICATION OF USA PURSUANT )
TO 18 U.S.C. § 3512 FOR ORDER FOR )
COMMISSIONER'S APPOINTMENT FOR )
FORGERY INVESTIGATION )

*Reference:   CRM-182-70759*
*(**Please repeat when responding.**)*

## COMMISSIONER'S SUBPOENA

TO: _____

I, Commissioner _____, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice, acting pursuant to 18 U.S.C. § 3512, and this Court's Order signed on _____, for the purpose of rendering assistance to _____, command that you provide the following documents regarding (an) alleged violation(s) of the laws of _____; specifically, _____, in violation of Section _____ of the _____Code.

Provide records to International Affairs Specialist _____by emailing them to _____ or by mailing via FedEx either a paper copy of the records or any commonly used digital storage device loaded with the files to the following mailing address by _____, 20\_\_:

For failure to provide records, you may be deemed guilty of contempt and liable to penalties under the law.

Date: _____                                      _____
                                                                                    COMMISSIONER
                                                                                    Margarita I. Pendarvis
                                                                                    Trial Attorney
                                                                                    D.C. Bar Number 888283921
                                                                                    Office of International Affairs
                                                                                    Criminal Division, Department of Justice
                                                                                    1301 New York Avenue, N.W.
                                                                                    Washington, D.C. 20530
                                                                                    (202) 307-0646
                                                                                    Margarita.Pendarvis@usdoj.gov